UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
          :
**JAMES J. REYES**,
          :
                Plaintiff,
          :

             – against –             :  **ORDER**

          :  25-CV-626 (AMD) (ARL)
**TOWN OF BROOKHAVEN; THE COUNTY
OF SUFFOLK; SOUTH SHORE UNIVERSITY**  :
**HOSPITAL**,
          :

                Defendants.
          :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff, who is detained at the Riverhead Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Town of Brookhaven, Suffolk County, the Sixth Precinct of the Suffolk County Police Department, and "John doe Detective #1." (ECF No. 1.) On November 4, 2025, the Court granted his request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and dismissed his complaint without prejudice, but granted him leave to amend his complaint. (ECF No. 8.) On December 5, 2025, the plaintiff filed an amended complaint, bringing Section 1983 claims against the Town of Brookhaven, Suffolk County, and SouthShore University Hospital. (ECF No. 12.)[1] For the reasons discussed below, the plaintiff's amended complaint is dismissed.

---

[1] The plaintiff refers to SouthShore University Hospital as "South Side Hospital" throughout the complaint. (*See, e.g.*, ECF No. 12 at 4 ("During this incident a person named Mike heard and seen the car accident pulled over his SUV to help me out and in fact took me to South Side Hospital in Bayshore.").)

## BACKGROUND

The plaintiff's amended complaint generally restates the same allegations he asserted in his original complaint: that he was the victim of a hit and run car accident in Medford, New York, that he suffered injuries as a result, and that the police did not investigate the accident after he reported it.  (ECF No. 12 at 4.)  He also alleges that SouthShore University Hospital — where he was taken for medical treatment after the accident — committed medical malpractice by misdiagnosing his injuries, "causing his pain and suffering, [and] disturbance and disruption of [his] life."  (*Id.* at 4–5.)  The plaintiff claims that this conduct violated his Eighth Amendment rights.  (*Id.* at 5.)

The plaintiff seeks compensatory and punitive damages for SouthShore University Hospital's "[m]is-diagnosis or their neglect to properly access [sic] the true injury (a few types of Fracture in his Hip) which has now caused some now serious issues and future health problems."  (*Id.*)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

Federal Rule of Civil Procedure 8 requires a plaintiff to provide facts sufficient to allow each defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery."  *Harnage v. Lightner*, 916 F.3d 138, 141 (2d

2

Cir. 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)).  A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up); *see also id*. (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Because the plaintiff is proceeding *pro se*, the Court evaluates his complaint by less stringent standards than pleadings drafted by attorneys and interprets it to raise the strongest arguments it suggests.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008).  Nonetheless, the Prison Litigation Reform Act requires a district court to screen an incarcerated person's civil complaint against a governmental entity or its agents and to dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Moreover, a district court must dismiss an IFP action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  *See id*. § 1915(e)(2)(B)(i)–(iii).

## DISCUSSION

Section 1983 provides in relevant part that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983; *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.").

3

To state a Section 1983 claim, a plaintiff must allege: "(1) that the challenged conduct was 'committed by a person acting under color of state law'; and (2) that such conduct 'deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Gazzola v. Cnty. of Nassau*, No. 16-CV-909, 2016 WL 6068138, at *4 (E.D.N.Y. Oct. 13, 2016) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).

## I. Failure to Investigate Claim

As he did in his original complaint, the plaintiff claims that the Town of Brookhaven and Suffolk County did not investigate the hit and run accident in which he was injured. As the Court explained when it dismissed the original complaint, "there is no constitutional right to an adequate investigation, and therefore a claim for failure to investigate is not independently cognizable under Section 1983." *Buari v. City of New York*, 530 F. Supp. 3d 356, 391 (S.D.N.Y. 2021); *see also Harrington v. County of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) (rejecting a due process claim alleging an inadequate investigation into a car accident because the plaintiffs did not have "'a legitimate claim of entitlement' to a police investigation, much less an investigation conforming with certain minimal standards" (quoting *The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)); *Stokes v. City of New York*, No. 5-CV-0007, 2007 WL 1300983, at *6 (E.D.N.Y. May 3, 2007) ("it is well-settled that there is no independent claim for a police officer's purported failure to investigate") (collecting cases).

The plaintiff's failure to investigate claims are not cognizable under Section 1983. Accordingly, these claims must be dismissed.

## II. Eighth Amendment Claim

The Eighth Amendment protects against cruel and unusual punishment, (U.S. Const. amend. VIII) and applies only to "a person who has been criminally convicted and sentenced." *Spicer v. Burden*, 564 F. Supp. 3d 22, 31 (D. Conn. 2021) (citing *Whitley v. Albers*, 475 U.S.

4

312, 318-19 (1986); *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). "To establish an Eighth Amendment violation for inadequate provision of medical treatment, a prisoner must prove 'deliberate indifference' to the inmate's serious medical needs." *Burgess v. Dufrain*, 121 F. App'x 421, 422 (2d Cir. 2005) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994)).

The plaintiff alleges that the defendants violated his Eighth Amendment rights because he was "caused to and did sustain severe injuries to his right hip area, which was, in fact, fractured, but the Hospital improperly diagnosed [his] injuries, causing his pain and suffering, disturbance, and disruption of his life." (ECF No. 12 at 5.) The plaintiff alleges that he sustained these injuries because of the hit and run, and that SouthShore University Hospital misdiagnosed his injuries, and exacerbated them. (*Id.*) Although the plaintiff is now detained at the Riverhead Correctional Facility, he does not allege that he was injured after he was convicted or sentenced. Nor does he claim that a prison official has been deliberately indifferent to his serious medical needs. Indeed, he states that "this Facility's Medical Unit is the place where [he] has learned how badly his right hip, right knee" were injured. (ECF No. 12 at 5.) Accordingly, he has not alleged a cognizable Eighth Amendment violation.

### III. Immunity

Even if the plaintiff had alleged a plausible constitutional violation, the defendants are entitled to immunity.

#### a. Suffolk County and Town of Brookhaven

It is well-established that municipalities like Suffolk County and the Town of Brookhaven cannot be held liable under Section 1983 on a *respondeat superior* theory. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must

5

show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)); *see also Monell*, 436 U.S. at 690–91. "To establish municipal liability under § 1983, a plaintiff must do more than simply state that a municipal policy or custom exists. Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) (citations omitted).

The plaintiff does not include any factual allegations that would support an inference that there was a municipal policy or custom that caused the plaintiff's alleged constitutional injuries. Accordingly, his claims against Suffolk County and the Town of Brookhaven must be dismissed.

### b. SouthShore University Hospital

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (cleaned up). The plaintiff has not alleged that SouthShore University Hospital, a private hospital facility, acted under color of state law. *See Schneiderman v. N. Shore Univ. Hosp.*, 13-CV-5939, 2013 WL 6564184, at *2 (E.D.N.Y. Dec. 11, 2013) (dismissing Section 1983 against North Shore University Hospital, a private hospital facility); *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) (summary order) ("[P]rivate actors and institutions, such as the hospitals, . . . named as defendants in [the plaintiff]'s original complaint, are generally not proper § 1983 defendants because they do not act under color of state law."). Accordingly, his claim against SouthShore University Hospital must be dismissed.

## CONCLUSION

The plaintiff's amended complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. *See* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). The Clerk of Court is respectfully

directed to enter judgment, mail a copy of this Memorandum and Order to the plaintiff, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

      /s/Ann M. Donnelly
      ANN M. DONNELLY
      United States District Judge

Dated: Brooklyn, New York
       December 29, 2025